LUCY ANN CHILDS, *Administratrix, versus* THE INHABITANTS OF PHILLIPS.

A physician will not be entitled to recover of a town of which he is not a resident, for medical services rendered to its inhabitants while sick with the small pox, unless there had been an express contract with him for such service by the proper officers in behalf of the town.

ASSUMPSIT, for medical services, alleged to have been rendered the defendant town in 1851, by plaintiff's intestate, who was then a resident of the town of Jay. The case is presented for the determination of the full Court on REPORT of the evidence offered at *Nisi Prius.* The questions arising in the case, and the evidence bearing thereon, sufficiently appear in the opinion of the Court.

*Cram,* for plaintiff.

*Lowell,* for defendants.

The opinion of the Court was drawn up by

MAY, J.——This is an action of assumpsit brought to recover compensation for certain medical services and attention rendered by plaintiff's intestate, in the family of one Grover then resident in the town of Phillips. The testimony shows that some of said family were sick with the small pox, and that the plaintiff's intestate was a physician then residing in the town of Jay, duly qualified to practice under the laws of this State, that he was sent for by said Grover, and came up to Phillips at his request; but on arriving there, found that the selectmen of said town had fenced up the road near said Grover's house. Thereupon, Doct. Childs, the plaintiff's intestate, refused to go to Grover's without the permission of the selectmen. The case further shows that said Grover was a man of small means, and that he was unable to pay all the expenses occasioned by the sickness of his family.

It is conceded by the counsel for the plaintiff, that if the plaintiff can recover in this action, it must be upon the ground of an express contract between Doct. Childs and the selectmen, for the performance of the services rendered. The plaintiff's intestate, not being at the time an inhabitant of Phillips, is not entitled, under the R. S. of 1841, c. 32, § 48, to recover upon notice and request to the overseers of the poor. *Windham* v. *Portland*, 23 Maine, 410.

Does the evidence in the case satisfactorily show an employment of Doct. Childs by the officers of Phillips? It is contended on the plaintiff's side that it does, on the other, that it does not. The burden is upon the plaintiff. If there was an employment, it must have been by the overseers of the poor. In 1851, when the services were rendered, they consisted of Benjman F. Eastman, William H. Josselyn, and Enoch Winship. Neither of them appear to have had any direct connection with the employment of Doct. Childs, unless it is Mr. Josselyn. Daniel L. Pickard testifies that, on the evening when the Doctor came, he heard said Josselyn direct him to go to Grover's and do the best he could. Bradford

A. Thompson testifies that, the Doctor refused to go without the permission of the selectmen, and that he heard Josselyn direct Pickard, that same night, in the presence of the Doctor, to tell him to go and do the best he could. Whereupon, the Doctor spoke and said I am the man, and shall not go without the permission of the selectmen, and that Josselyn then told him to go and do the best he could. On the other hand, Josselyn testifies directly that he made no such employment. That the overseers of the poor employed Doctor Blake, and refused to employ any other physician. It appears that the services were charged to the defendants upon the books of the intestate, but he does not appear to have taken any measures to enforce his claim before his death. In view of all the testimony and circumstances in the case, we are of opinion that the plaintiff has failed to show any contract of employment between her intestate and the defendants. We think the difference in the testimony of the witnesses arises mostly from not distinguishing between an employment and a permission to go. *Plaintiff nonsuit.*

TENNEY, C. J., HATHAWAY, CUTTING, GOODENOW, and DAVIS, J. J., concurred.